**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

**CRIMINAL NO.  2:06-65-DLB**

**UNITED STATES OF AMERICA**                                                  **Plaintiff**

    v.

**MELVIN JARVIS**                                                                           **Defendant**

### REPORT AND RECOMMENDATION

Defendant Melvin Jarvis is charged in a one-count federal indictment with possession, with intent to distribute, five grams or more of a controlled substance, namely crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  By retained counsel, he has filed a Motion to Suppress all evidence obtained at the Defendant's residence, on the grounds that the search warrant was not supported by the requisite probable cause. [Doc. 21.] The United States has filed a memorandum in opposition to the motion. [Doc. 24.]  No evidentiary hearing was requested, and no such hearing would yield relevant evidence, because any "review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four-corners of the affidavit."  *U.S. v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(citing *Whiteley v. Warden*, 401 U.S. 560, 565 n.8 (1971)).  The matter has been referred to the undersigned for report and recommendation. [Doc. 27.]

<u>Factual Background</u>

The document entitled "Application and Affidavit in Support of a Search Warrant" is attached to the government's memorandum.  In it, Specialist Brian Valenti, of the Covington Police Department's Crime Suppression Unit, wrote one paragraph describing in great detail the house at

409 East 13th Street, Covington, Kenton County, Kentucky. He listed the property to be sought as controlled substances, materials for packing them, drug paraphernalia, containers, money, evidence of ownership or residence, and firearms. In one paragraph, Valenti set out the factual basis for the requested search warrant:

> In support, Affiant states on two separate occasions, one within the last 48 hours, a confidential informant, whose credibility and reliability has been previously established, working with the Covington Police Department's Crime Suppression Unit, purchased an amount of crack cocaine from a subject known as "Mel". "Mel" has been positively identified as Melvin Jarvis. On both occasions the confidential informant contacted Mr. Jarvis on his cell phone and negotiated a purchase of crack cocaine for $50.00. On both occasions Mr. Jarvis stated that he needed to respond to the house first. On both occasions Mr. Jarvis responded back to his address, 409 East 13th Street, Covington, Kentucky. On both controlled buys the house was under surveillance by Sgt. Ken Holstein. He observed Mr. Jarvis enter his residence for a very short period of time and then Mr. Jarvis responded to meet the informant. Further, Affiant states that the items which the confidential informant purchased field tested positive for cocaine.

With this factual support, the requested warrant was issued by a Kenton District Court judge and executed the following day.

## Analysis

According to the Fourth Amendment, "no warrants shall issue but upon probable cause." U.S. Const., amend. IV. Both parties agree that the standard for review of whether probable cause supports the issuance of a search warrant is the "totality of the circumstances" test set out in *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing judge must have "reasonable grounds," which is more than mere suspicion but less than prima facie proof, that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* And, the issuing judge's "determination of probable cause should be paid great deference" and reversed only if "arbitrarily exercised." *U.S. v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000)(en banc).

Defendant claims that the factual basis in the affidavit and application is insufficient: First, because no time frame is stated for one of the two controlled buys; second, because the method of identification of Defendant was not established; third, because no facts would lead to a conclusion that cocaine would be found in the residence to be searched; fourth, because no facts in the affidavit identified the residence as Defendant's; and, fifth, because no facts explained why the informant was reliable and trustworthy.

1.  Time Frame

Defendant's first argument is that one of the two controlled purchases described in the affidavit has no stated time frame. The case cited in support, *U.S. v. Boyd*, 422 F.2d 791, 792 (6th Cir. 1970), indeed held that an affidavit that contained no date for the surveillance at which an alcohol tax unit investigator allegedly smelled "the odor of fermented liquor," could have been based upon "stale information." Thus, the Court vacated the judgment and remanded for dismissal of the complaint. *Id.* at 793. This argument ignores, however, the fact that the affidavit in Defendant Jarvis's case states that one of the controlled buys took place within 48 hours. In *U.S. v. Harris*, 255 F.3d 288, 290 (6th Cir. 2001), the time frame established in the affidavit was "within the last 72 hours," and even though the warrant was not executed for another four days, the Court affirmed the denial of the motion to suppress. Similarly, in the case of *U.S. v. Johnson*, 351 F.3d 254, 258, 260 (6th Cir. 2003), a case cited by Defendant, the affidavit expressed that the information had been gathered "within the past 72 hours," and the Court held the warrant to be valid. Where the information was "at most four days old," the Court held "there is no grounds for a staleness challenge." *Id.* at 260.

The essence of a staleness challenge is that a substantial amount of time had elapsed since

3

the last reported criminal activity; the factors that a reviewing court should consider to decide a staleness challenge are the character of the crime, whether the criminal is nomadic or entrenched, whether the things to be seized are perishable or of enduring utility, and whether the place to be searched is a secure operational base or a forum of convenience. *U.S. v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006)(citing *U.S. v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)). The facts stated in the affidavit challenged by Defendant clearly survive scrutiny under this standard. The fact that Defendant retreated to this particular locale on two different occasions, regardless of when the first took place, indicates that the place to be searched is indeed a secure operational base and that Defendant is entrenched in that place.

Therefore, because the affidavit challenged here stated a time frame of one controlled buy within 48 hours, and because the affidavit states facts that establish this location as a base of operation for the Defendant, Defendant's challenge on staleness grounds is without merit under the cited Sixth Circuit precedents.

2. Identification of Defendant

Defendant cites no precedent in support of the argument that failure to state how he was identified somehow invalidates the affidavit and the warrant. The United States correctly points out that the critical element in determining whether the search warrant was properly issued is not whether a particular person committed a crime, but whether evidence of a crime is likely to be found on the premises to be searched. *See U.S. v. Savoca*, 761 F.2d 292, 297 (6th Cir. 1985). Where, as here, on two occasions a suspect receives a telephone call regarding a drug purchase, negotiates the details of that purchase, then goes to a particular place prior to completing those sales, that particular place to which the suspect retreated meets the standard set out by the Supreme Court: there is a "fair

4

probability" that evidence of a crime or contraband will be found in that place. *See Gates*, 462 U.S. at 238.

The lack of stated factual basis for the means of identifying Defendant is of no consequence, therefore, and provides no basis for the requested relief of suppression of the evidence.

3.  No Connection to Cocaine

Defendant argues that the affidavit contained no facts that would lead a reasonable person to believe that cocaine would be found at the residence to be searched. To be sure, such a factual basis is required, a "connection between the residence to be searched and the facts of criminal activity set out in [the] affidavit." *U.S. v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005)(insufficient nexus where affidavit did not say where informant made purchases, that informant made purchases from defendant, or where defendant lived). Similarly, in *U.S. v. McPhearson*, 469 F.3d 518, 525 (6th Cir. 2006), the Sixth Circuit held that the arrest of a defendant, on a non-drug-related arrest warrant, who was found to have drugs on his person, did not provide a sufficient nexus to support the search of his residence

In contrast, the affidavit challenged here stated that after negotiating a drug transaction with the informant, Defendant twice went to the building to be searched, entered, and left shortly thereafter. He then completed the sale to the informant. He was observed by a police officer returning to, entering, and quickly leaving, the residence to be searched. The temporal connections between the telephone negotiations, the trips to the residence, and the subsequent completed sales, provide the necessary nexus here between the criminal activity and the premises to be searched. Those connections are adequately stated in the affidavit. The informant's statements to officers that Defendant stated that he needed to return to the residence were corroborated by the officer's

surveillance and observations of Defendant returning to the residence prior to completing the negotiated transactions with the informant. The inference that evidence of wrongdoing would be found on the premises to be searched was well supported in the affidavit challenged here, unlike in *McPhearson* where the only basis for an inference that evidence of wrongdoing would be found in that defendant's residence was the fact that drugs were found on his person. *See* 469 F.3d at 525.

Therefore, the connection between the residence to be searched and the evidence of criminal activity to be searched for is amply stated in the affidavit and application, providing the required nexus.

4.      Residence Not Tied to Defendant

Like the second argument above, this argument is entirely irrelevant in the context of a challenge to a search warrant. The police observed an individual whom they knew to be in the midst of a sale of drugs, going to, entering, then shortly thereafter leaving, a particular building, to complete the sale. The individual could have been a trespasser, a squatter, a tenant, or an owner of that building; the individual's status would not affect the officers' ability to obtain a search warrant for that building. "Search warrants are not directed at persons; they authorize the search of 'place[s]' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978).

Therefore, the fact that the affidavit and application does not state a factual basis for identifying the residence to be searched as being Defendant Jarvis's provides no basis for the suppression of the evidence found in that residence. The residence itself was described with great particularity, not only by a street address, but also by a full paragraph describing the physical appearance of the building and the surroundings. As the Supreme Court noted in *Zurcher*, search

warrants are directed at places, not persons. Here, the place to be searched was fully and accurately described. The failure to explain why the premises were described as being Defendant's is wholly irrelevant and has no impact on the probable cause for the warrant.

        5.        Reliability of Informant

Finally, Defendant Jarvis argues that the affidavit and application do not provide a sufficient factual basis for the issuing judge to determine "how and why this Confidential Informant is reliable and trustworthy." For this proposition, Defendant cites the *Johnson* case already discussed above. *See* 351 F.3d 254. The defendant in that case unsuccessfully challenged the affidavit for not naming the confidential information mentioned in it; however, the Sixth Circuit noted that naming the informant was not necessary, as long as the affidavit provided "indicia of reliability," a requirement satisfied in *Johnson* by "stating that the confidential informant had previously provided information leading to successful discovery" of drugs. *Id.* at 259. That same information was stated in the affidavit and application for the search warrant in Defendant Jarvis's case: the confidential informant, "whose credibility and reliability has been previously established," was described as having made two successful controlled purchases of crack cocaine. Under the standard utilized in *Johnson*, therefore, the affidavit and application sufficiently stated the credentials of the informant.

However, the police were not relying solely on their informant for facts about the building. Rather, one of the officers had the building under surveillance and personally observed the Defendant entering the building following the telephone call from the informant, but prior to completing the sale of cocaine to the informant. While such "'independent corroboration' of a confidential informant's story is not a *sine qua non* to a finding of probable cause," if the affidavit lacks "any indicia" of the informant's reliability, it must then demonstrate "substantial independent

7

police corroboration." *U.S. v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006)(quoting *U.S. v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005)). Here, the police had the building to be searched under surveillance and observed an individual, whom the police knew to be in the middle of a drug transaction, entering and leaving the building apparently to complete the sale of drugs. Even if the affidavit had not contained a sufficient statement about the informant's reliability, this corroboration would have been sufficient to bolster the informant's story and provide the necessary basis such that "a neutral and detached magistrate *may* believe that evidence of a crime will be found." *Id.* (quoting *U.S. v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000)(en banc)(emphasis original)); *see also U.S. v. Woosley*, 361 F.3d 924, 927-28 (6th Cir. 2004)(detailed tip from confidential informant, who had provided reliable information in the past, was corroborated only by similar tips; sufficient to support issuance of warrant).

The officer who obtained the warrant to search Defendant Jarvis's residence was not acting on an anonymous tip or information from an unknown informant who related uncorroborated stories of criminal activity. Rather, that officer worked with and supervised an informant, who twice purchased cocaine from an individual who appeared to retreat to a particular building to complete the sales. An officer had that building under surveillance and observed the individual entering the building and leaving it shortly thereafter, only to then complete the sale of drugs to the confidential informant. Clearly, under the Sixth Circuit's standards, the confidential informant's reliability was sufficiently explained in the affidavit and application, which also contained corroboration from the officer who had the residence under surveillance.

In conclusion, the challenges made by Defendant Jarvis are similar to those in the *Johnson* case, which he cites in his memorandum, and which were described by the Sixth Circuit as being

8

"most charitably described as hypertechnical." 351 F.3d at 259. None of the arguments, taken singly or in combination, establish that the issuing judicial officer did not properly issue the warrant under the Supreme Court's standards:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 238-39 (quoting *Jones v. U.S.*, 362 U.S. 257, 271 (1960)). This reviewing Court should hold, therefore, that the issuing judicial officer had a substantial basis for believing, with a fair probability, that contraband or evidence of a crime would be located at the residence sought to be searched.

## Conclusion

The standard for whether a warrant should have issued is whether, given the totality of the circumstances, the issuing judicial officer had a substantial basis to believe with a fair probability that contraband or evidence of a crime would be found on the premises to be searched. That standard was clearly met here, as described above. Accordingly, IT IS RECOMMENDED that Defendant Jarvis's "Motion to Suppress," [Doc. 21], BE DENIED.

Particularized objections to this Report and Recommendation must be filed within ten days of the date of service or further appeal is waived. Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific

objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). A party may file a response to another party's objections within ten days after being served with a copy of those objections. *See* Fed. R. Civ. P. 72(b)( Fed. R. Crim P. 59 is silent on responses to objections, but the Advisory Committee Notes indicate that the criminal rule is "derived in part from" this civil one).

Dated the 23rd day of January, 2007.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge