UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CRIMINAL NO. 06-65-DLB

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.        **MAGISTRATE JUDGE'S REPORT
          AND RECOMMENDATION**

MELVIN JARVIS,                                                                DEFENDANT.

**********

This matter is before the undersigned on Defendant's Motion for Extension of Time to File Notice of Appeal of an Order entered by the District Court on October 18, 2012. [R. 126]. As grounds for the motion, the Defendant asserts that he did not receive notice of the "order of October 12, 2012" until he requested a copy of his docket sheet from the Clerk of the Court. On October 18, 2012, rather than October 12, 2012 as stated by Jarvis, this Court issued its Order denying his motion to alter or amend its judgement denying his motion for habeas relief under 28 U.S.C. § 2255. [Record No. 123]. Under normal circumstances, and because the United States is a party to this litigation, Jarvis' time to file notice appealing the Order would have expired on December 17, 2012, sixty (60) days after entry of the Order on October 18, 2012. *See* Fed. R. App. P. 4(a)(1)(b)(I). However, according to Jarvis, he did not receive notice of this Order because during October 2012 through early 2013, he was shuffled to three (3) different BOP facilities. Jarvis cites Fed. R. Civ. P. 73(a) and 28 U.S.C. § 2107 as legal authority for the extension of time.

Jarvis is correct in his citation to legal authority which would give this Court authority to effectively reopen the time to file notice of appeal. Fed Rs. App. P. 4(a)(6)(A)-(C), codified as

28 U.S.C. § 2107, grants a district court authority to reopen the time to file appeal for a period of fourteen (14) days when: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry; and (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

The 180 day period after entry of the October 18, 2012 Order expired on April 16, 2013. Jarvis' certified that his pending Motion was deposited in the United States Mail[1] on April 19, 2013. However, the time with which the Court may reopen the period for filing a notice of appeal is the earlier of (i) 180 days after the order to be appealed was entered or (ii) within 14 days after Jarvis received notice of the Order's entry, whichever is earlier. In this case, assuming that Jarvis received notice of the entry on April 18, 2013, the day before he filed the instant motion, the time ran on April 16, 2013, 180 days after the Court entered its Order of October 18, 2012. The Court, therefore, does not have authority to reopen the time for which Jarvis may appeal this Order. Accordingly, having considered the matter fully and being sufficiently advised,

IT IS RECOMMENDED that the Defendant's Motion for Extension of Time to File Notice of Appeal [R. 126] be DENIED.

Signed April 29, 2013.



Signed By:
*Edward B. Atkins* £BA
United States Magistrate Judge

---

[1] Fed. R. App. P 4(c)(1) provides that if an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Jarvis is currently incarcerated at FCI Morgantown.